IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL SLEASMAN,

      Plaintiff,

v.

XTREME OUTDOORS LLC

      Defendant.

Case No. ___3:21-cv-79___

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Daniel Sleasman, by and through his attorney, David M. Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1.     Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. § 12203 (a) *et seq.,* the Pennsylvania Human Relations Act of 1955 ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.,* and the Pennsylvania Workers' Compensation Act of 1915 ("PWCA"), 77 Pa. Stat. Ann. § 1 *et seq.* Plaintiff alleges that Defendant discriminated against him on the basis of his disability.

## II. Jurisdiction and Venue

2.      This action arises primarily under the ADA.  This Court has jurisdiction over Plaintiff's failure to accommodate claims pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5.      Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding his allegations under the ADA on March 26, 2020, under charge number 533-2020-01259. *See Exhibit 1*.

6.      Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on February 9, 2021 This Complaint has been filed within ninety (90) days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2.*

## III. Parties

7.      Plaintiff Daniel Sleasman is an adult individual with a primary residence located at 1290 Glades Pike, Somerset, PA 15501.

8.      Defendant Xtreme Outdoors LLC is an Ohio business corporation with a regular place of business located at 604 Drum Avenue, Somerset, PA 15501.

### IV. Facts

9.      Plaintiff was hired by Defendant's predecessor entity Liberty Outdoors LLC as a Frame Assembler in or around June 2016; he worked as a Frame Assembler at the 604 Drum Ave location.

10.     On or around February 5, 2018, Plaintiff was lifting an axle with the crane for the assembly line.

11.     As a result of the assembly line not being set up properly, Plaintiff suffered a rotator cuff tear in his left shoulder.

12.     Plaintiff required surgery to repair this injury and was placed on Workers' Compensation.

13.     Plaintiff's injuries resulted in him being disabled as defined in the ADA and the PHRA.

14.     On or about January 11, 2019, Plaintiff received a letter from Liberty Outdoors LLC saying he was indefinitely laid off due to a reduction in the workforce.

15.     Other employees of Defendant also received a lay-off letter.

16.     In or around July 2019, Defendant took over the business operated by Liberty Outdoors LLC, including the 604 Drum Ave location.

17.     Defendant hired virtually all of the former employees of Liberty Outdoors LLC who had performed work at the 604 Drum Ave location because those employees were familiar with the equipment there and were qualified to perform that work.

18.     In or around February 2020, Plaintiff was cleared to return to work.

19.     After Plaintiff was cleared to return to work, he reapplied for his former position by speaking with his former supervisor, Jeremy (last name unknown), who was then employed by Defendant at the 604 Drum Ave location.

20.     Jeremy informed Plaintiff that "we can get you right back" and "I don't see any problem," because he knew that Plaintiff had prior experience operating the equipment and was qualified to perform the work that was needed.

21.     Later, Plaintiff was informed by Jeremy that he would not be rehired, due to Plaintiff's disability and prior surgery and workers compensation claim.

22.     Jeremy told Plaintiff that Defendant deemed Plaintiff as too "high risk" to be re-employed.

23.     Jeremy spoke with Plaintiff and said "I'm sorry Dan, I talked to them [Defendant's management] … they said you had surgery, you were too high risk to have working here."

## COUNT I
### Discrimination in Violation of the Americans with Disabilities Act of 1990

24.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

25.     Here, Plaintiff was disabled as a result of a repaired rotator cuff.

26.     Even if he did not have a disability, he was regarded as having a disability by Defendant.

27.     Plaintiff was qualified to perform work for Defendant, having previously worked in that exact location with that equipment before Defendant took over the location.

28.     Defendant was actively hiring employees around the same time to fill open positions and perform work that Plaintiff was qualified for.

29.     Plaintiff suffered adverse employment action when Defendant refused to re-employ Plaintiff after his doctor cleared him to return to work.

30.     Defendant's reasoning for denying Plaintiff employment is discriminatory; there was no other non-discriminatory reasoning for denying Plaintiff employment.

31.     The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT II
**Disability Discrimination in Violation of the Pennsylvania Human Relations Act of 1955**

32.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

33.     Here, Plaintiff was disabled as a result of a repaired rotator cuff.

34.     Even if he did not have a disability, he was regarded as having a disability by Defendant.

35.     Plaintiff was qualified to perform work for Defendant, having previously worked in that exact location with that equipment before Defendant took over the location.

36.     Defendant was actively hiring employees around the same time to fill open positions and perform work that Plaintiff was qualified for.

37.     Plaintiff suffered adverse employment action when Defendant refused to re-employ Plaintiff after his doctor cleared him to return to work.

38.     Defendant's reasoning for denying Plaintiff employment is discriminatory; there was no other non-discriminatory reasoning for denying Plaintiff employment.

39.     The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant, and award all damages available at law and equity, including:

a)      Lost back pay resulting from Defendant's failure to hire Plaintiff;

b)      Lost front pay continuing into the future for Defendant's unlawful conduct;

c)      Compensatory damages, including emotional damages and humiliation;

d)      Punitive damages to punish Defendant's conduct and to deter similar future conduct;

e)      Costs for bringing this action;

f)      Attorney's fees;

g)      Pre-judgment and continuing interest; and

h)      Any other relief that this Court deem necessary and proper.

Respectfully Submitted,

/s/ David M. Manes__
David M. Manes, Esq.
PA ID: 314661
**Manes & Narahari LLC**
Law & Finance Building
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
(412) 626-5571 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

# VERIFICATION

I, Daniel Sleasman, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

DPS

_____

Daniel Sleasman